**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RACHEL EILEEN STOUT,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>        Defendant-Appellee. | No. 15-35880<br><br>D.C. No. 3:14-cv-01697-JO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted August 23, 2017[**]

Before: D.W. NELSON, TROTT, and SILVERMAN, Circuit Judges.

Rachel Stout appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") provided specific, clear and convincing reasons for rejecting Stout's testimony regarding debilitating back pain by explaining that this testimony was contradicted by medical treatment notes, including records indicating that Stout's pain was fairly well controlled with medications, and by evidence of Stout's daily activities. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (explaining requirements for ALJ's assessment of claimant's testimony). Substantial evidence supports the ALJ's finding that Stout's back pain was fairly well controlled with medications. *See Hill*, 698 F.3d at 1158 (holding that Commissioner's decision will be upheld if it is supported by substantial evidence). Additional substantial evidence, including notes stating that Stout had a limited range of motion but normal gait, reflexes, and strength, further supports the ALJ's finding that the treatment notes in the record were inconsistent with the claimant's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (holding that ALJ may rely on contradiction between testimony and medical record). The ALJ also properly relied on evidence of Stout's daily activities. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (holding that, in reaching a credibility determination, an ALJ

may weigh inconsistencies between the claimant's testimony and her daily activities).

The ALJ provided germane reasons for discounting in part the statement of a lay witness by explaining that the statement was inconsistent with the medical evidence and Stout's daily activities. *See id*. at 1114 (holding that in order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that inconsistency with medical evidence is a germane reason for discrediting the testimony of lay witnesses). The ALJ also properly relied on the witness's close friendship with Stout. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (holding that ALJ properly discounted lay testimony that was possibly influenced by the witness's desire to help the claimant).

The ALJ fulfilled her duty to develop the record by obtaining more recent medical evidence than the evidence submitted by Stout and by keeping the record open after the hearing. *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930-31 (9th Cir. 2014) (holding that the ALJ has a duty to fully and fairly develop the record and explore for all the relevant facts); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (explaining ways in which the ALJ may discharge her duty to develop the record).

At Step Five of the sequential analysis, the ALJ correctly concluded that under the Medical-Vocational Guidelines, or grids, Stout must be considered not disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, 202.14 & 202.15; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006) (explaining that when a claimant has both exertional and nonexertional impairments, the ALJ must first determine whether, under the grids, the claimant's exertional impairments by themselves warrant a finding of disability). The ALJ then correctly proceeded to examine the effects of Stout's nonexertional impairments, with the assistance of a vocational expert. *See id.* at 1116; Social Security Ruling 83-12 (providing that when a claimant's exertional level falls between two grids that direct opposite conclusions regarding disability, the assistance of a vocational expert "is advisable"). The ALJ properly relied on the vocational expert's testimony in finding that Stout could perform two light, unskilled jobs. *See Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).

**AFFIRMED.**